PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HORACIO TORRECILLAS URIAS JR. ET AL,<br><br>Defendants. | CASE NO. 1:22-CR-00062-JLT-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: July 20, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for a status conference on July 20, 2022. This Court has issued a series of General Orders to address public health concerns related to COVID-19, to suspend jury trials in the Eastern District of California, including recently, General Order 628, and many related previous and subsequent general orders pertaining to the pandemic and procedures put in place to limit community spread.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1. By previous order, this matter was set for status on July 20, 2022.

2. By this stipulation, defendants now move to continue the status conference until November 16, 2022, at 1:00 P.M. and to exclude time between July 20, 2022, and November 16, 2022, inclusive, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The discovery associated with this case is voluminous and includes tens of thousands of pages, including investigative reports, photographs and videos, as well as hundreds of hours of recorded telephone conversations pursuant to wiretap orders, many cellular phone extractions, and large amounts of cellular telephone precise location data and vehicle tracker data. All this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendants desire additional time to consult with their clients, conduct investigation, review the voluminous discovery, prepare for a possible trial, and explore a potential resolution of the case.

    c) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) Counsel for defendants also note that because of the COVID-19 pandemic, the Fresno County Jail currently has restrictions on movement of inmates and video appearances are limited by the restrictions of the wide-angle camera at the jail, which limits the number of individuals who can appear on camera at a time.  Moreover, because of positive COVID-19 test results in the Fresno County Jail, a number of inmates, including defendants, have been placed into quarantine status, making appearing for court and meeting with counsel especially difficult.

    e) The government does not object to the continuance.

    f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of July 20, 2022 to November 16, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i), and B(ii) [Local Code T4] because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.  This stipulation also results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  July 5, 2022              PHILLIP A. TALBERT
                                  United States Attorney

                                  /s/ Justin J. Gilio
                                  JUSTIN J. GILIO
                                  Assistant United States Attorney

Dated:  July 5, 2022              /s/ Galatea DeLapp
                                  Galatea DeLapp
                                  Counsel for Defendant
                                  Horacio Torrecillas Urias Jr.

Dated:  July 5, 2022              /s/ Christopher Martens
                                  Christopher Martens
                                  Counsel for Defendant
                                  Abel Lozano

Dated:  July 5, 2022                    /s/ Steve Crawford
                                        Steve Crawford
                                        Counsel for Defendant
                                        Jacob Valles

Dated:  July 5, 2022                    /s/ Barbara Hope O'Neill
                                        Barbara Hope O'Neill
                                        Counsel for Defendant
                                        Victor Yair Torrecillas-Urias

Dated:  July 5, 2022                    /s/ Peter Jones
                                        Peter Jones
                                        Counsel for Defendant
                                        Amadeo Sarabia

Dated:  July 5, 2022                    /s/ Scott Quinlan
                                        Scott Quinlan
                                        Counsel for Defendant
                                        Alma Garza

Dated:  July 5, 2022                    /s/ Mark Wade Coleman
                                        Mark Wade Coleman
                                        Counsel for Defendant
                                        Alejandro Guzman

Dated:  July 5, 2022                    /s/ Anthony Capozzi
                                        Anthony Capozzi
                                        Counsel for Defendant
                                        Juan Valencia Jr.

Dated:  July 5, 2022                    /s/ Kojo Moore
                                        Kojo Moore
                                        Counsel for Defendant
                                        Henry Cox

Dated:  July 5, 2022                    /s/ Michael William Berdinella
                                        Michael William Berdinella
                                        Counsel for Defendant
                                        Christian Harris-Blanchette

Dated:  July 5, 2022                    /s/ Monica Bermudez
                                        Monica Bermudez
                                        Counsel for Defendant
                                        Erica Ramirez

Dated:  July 5, 2022                          /s/ Harry Drandell
                                              Harry Drandell
                                              Counsel for Defendant
                                              Brayan Cruz

Dated:  July 5, 2022                          /s/ Michael G. McKneely
                                              Michael G. McKneely
                                              Counsel for Defendant
                                              Cody Fyfe

Dated:  July 5, 2022                          /s/ Douglas C. Foster
                                              Douglas C. Foster
                                              Counsel for Defendant
                                              Marvin Carreno

Dated:  July 5, 2022                          /s/ E. Marshall Hodgkins, III
                                              E. Marshall Hodgkins, III
                                              Counsel for Defendant
                                              Oscar Jaramillo

Dated:  July 5, 2022                          /s/ Robert Conrad Lamanuzzi
                                              Robert Conrad Lamanuzzi
                                              Counsel for Defendant
                                              Augustin Hernandez

Dated:  July 5, 2022                          /s/ Daniel L. Harralson
                                              Daniel L. Harralson
                                              Counsel for Defendant
                                              Justin Riddle

**ORDER**

IT IS SO ORDERED.

DATED: 7/7/2022                               *Sheila K. Oberto*
                                              THE HONORABLE SHEILA K. OBERTO
                                              UNITED STATES MAGISTRATE JUDGE